**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BENTLEY A. HOLLANDER<br>220 West Rittenhouse Square<br>Apt. 18B<br>Philadelphia, PA  19103 | CIVIL ACTION<br><br>No. _____ |
| Plaintiff/Relator, | |
| v. | |
| ETYMOTIC RESEARCH, INC.<br>61 Martin Lane<br>Elk Grove Village, IL 60007 | |
| Defendant. | |

Plaintiff/Relator Bentley Hollander ("Hollander"), by his undersigned counsel and for his Complaint against

Defendant Etymotic Research, Inc. ("Etymotic"), avers as follows:

## NATURE OF ACTION

1.        This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.        As set forth in detail below, Etymotic has violated 35 U.S.C. § 292(a) by, *inter alia*, falsely marking

articles with expired patents, as well as using these expired patents in advertising in connection with such articles, all for

the purpose of deceiving the public into believing that such articles are covered by these expired patents.

3.        Hollander seeks the imposition of a fine against Etymotic, one half of which shall be for the use of the

United States of America, and the other half of which shall go to Hollander pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4.        Hollander is an adult individual who resides at 220 West Rittenhouse Square, Apartment 18B,

Philadelphia, Pennsylvania 19103.

5.        Defendant Etymotic is an Illinois corporation with its principal place of business located at 61 Martin

Lane, Elk Grove Village, Illinois 60007.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b), (c) and 1395(a), because Etymotic has conducted and continues to conduct business in this judicial district through, *inter alia*, the advertisement and sale of products which are the subject matter of this Complaint to consumers throughout this judicial district.

8.      Hollander has standing to bring this action as plaintiff under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false patent marking.

## FACTUAL BACKGROUND

**1.  Etymotic**

9.      Etymotic is a privately held engineering-driven research, development and manufacturing company.

10.     Etymotic was founded in 1983 to design products that accurately assess hearing, improve the lives of those with hearing loss, protect hearing, and enhance the music-listening experience.

11.     Etymotic invented insert earphones in 1984.

12.     Etymotic's original earphone design used balanced armature receivers, which were initially used for diagnostic testing and precision auditory research.

13.     In 1991, Etymotic produced the first noise-isolating high-fidelity in-ear earphone, the ER-4, which became the basis of all subsequent in-ear earphones and in-ear monitors worldwide, and created an entire category of consumer electronics.

14.     Currently, Etymotic manufactures, advertises and sells, among others, high-fidelity earphones, headset/earphone combinations, ambient noise reduction systems, and earplugs.

15.     Etymotic's products are allegedly used by scientists, hearing practitioners, hearing-impaired consumers, professional and amateur musicians, and others who insist on superior sound quality.

**2.      Etymotic's Patents**

16.      Etymotic claims to have developed and own over 100 patents issued and pending, including the following:

- U.S. Pat. No. 4,677,679, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on July 5, 1984; issued on June 30, 1987) ("the '679 Patent," a true and correct copy of which is attached as Exhibit "A");

- U.S. Pat. No. 4,763,753, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on October 4, 1985; issued on August 16, 1988) ("the '753 Patent," a true and correct copy of which is attached as Exhibit "B"); and

- U.S. Pat. No. 4,852,683, entitled "EARPLUG WITH IMPROVED AUDIBILITY" (filed on January 27, 1988; issued on August 1, 1989) ("the '683 Patent," a true and correct copy of which is attached as Exhibit "C").

17.      Since 1984 and continuing through to the present, Etymotic has marked, or caused to be marked, products with one or more of the '679 Patent, the '753 Patent, and the '683 Patent, either directly or in the printed materials included therewith.

21.      Etymotic knows or reasonably should know of the requirements and provisions of 35 U.S.C. § 292.

18.      Etymotic knows or reasonably should know that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

19.      Etymotic knows or reasonably should know that all patents, including the '679 Patent, the '753 Patent, and the '683 Patent, have a limited duration.

20.      The '679 Patent expired on July 5, 2004.

21.      The '753 Patent expired on October 4, 2005.

22.      The '683 Patent expired on January 27, 2008.

3.       **Etymotic's False Marking of Patent 4,677,679**

23.       Notwithstanding the fact that the '679 Patent expired on July 5, 2004, Etymotic has marked or has caused to be marked, and currently marks or causes to be marked – either directly or in the printed materials included therewith – several different products with the '679 Patent that it has sold and continues to sell to the general consuming public throughout the United States, including in this judicial district.

24.       Since July 5, 2004, Etymotic has marked or caused to be marked, and continues to mark or causes to be marked, the '679 Patent on at least the following products directly or on the instructional and/or promotional materials thereof:

        a.       ER•4 Earphones

        b.       ER•6 Earphones

        c.       ER•6i Earphones

        d.       hf2 Headset + Earphones

        e.       hf5 Earphones

        f.       ETY•COM Handsfree Mobile Phone Headset

        g.       Companion Mics

25.       Upon information and belief, since July 5, 2004, Etymotic has manufactured and sold, or has caused to be manufactured and sold, articles marked with the '679 Patent – either directly or in the printed materials included therewith – throughout the United States, including within this judicial district.

26.       None of Etymotic's products marked with the '679 Patent since July 5, 2004, have been covered by the '679 Patent.

27.       Since July 5, 2004, Etymotic could not have had any reasonable belief that the products it marked and continues to mark with the '679 Patent were covered by the '679 Patent.

28.       Upon information and belief, Etymotic knew or reasonably should have known that the products it marked and continues to mark with the '679 Patent since July 5, 2004 were marked with an expired patent.

29.     Despite the expiration of the '679 Patent, Etymotic has continued and continues to mark the products listed in paragraph 24 above with the '679 Patent.

30.     Upon information and belief, since July 5, 2004, Etymotic has marked, and continues to mark, its products with the '679 Patent, and has marked and continues to mark the '679 Patent on its website, www.etymotic.com, for the purpose of deceiving the public into believing that such products are covered by the '679 Patent.

31.     Upon information and belief, notwithstanding its expiration, Etymotic has used, and continues to use, the '679 Patent in its advertising, including its website, for the purpose of deceiving the public into believing that such products are covered by the '679 Patent.

32.     By marking and continuing to mark articles with the '679 Patent since July 5, 2004 without a reasonable belief that such articles could have been covered by the '679 Patent, and by using the '679 Patent in advertising in connection with such articles, Etymotic has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

**4.      Etymotic's False Marking of Patent 4,763,753**

33.     Notwithstanding the fact that the '753 Patent expired on October 4, 2005, Etymotic has marked or has caused to be marked, and currently marks or causes to be marked – either directly or in the printed materials included therewith – several different products with the '753 Patent that it has sold and continues to sell to the general consuming public throughout the United States, including in this judicial district.

34.     Since October 4, 2005, Etymotic has marked or caused to be marked, and continues to mark or causes to be marked, the '753 Patent on at least the following products directly or on the instructional and/or promotional materials thereof:

        a.     ER•4 Earphones

        b.     ER•6 Earphones

        c.     ER•6i Earphones

        d.     hf2 Headset + Earphones

        e.     hf5 Earphones

        f.     ETY•COM Handsfree Mobile Phone Headset

g.      Companion Mics

35.      Upon information and belief, since October 4, 2005, Etymotic has manufactured and sold, or has caused to be manufactured and sold, articles marked with the '753 Patent – either directly or in the printed materials included therewith – throughout the United States, including within this judicial district.

36.      None of Etymotic's products marked with the '753 Patent since October 4, 2005, have been covered by the '753 Patent.

37.      Since October 4, 2005, Etymotic could not have had any reasonable belief that the products it marked and continues to mark with the '753 Patent were covered by the '753 Patent.

38.      Upon information and belief, Etymotic knew or reasonably should have known that the products it marked and continues to mark with the '753 Patent since October 4, 2005 were marked with an expired patent.

39.      Despite the expiration of the '753 Patent, Etymotic has continued and continues to mark the products listed in paragraph 34 above with the '753 Patent.

40.      Upon information and belief, Etymotic has marked, and continues to mark, its products with the '753 Patent after its date of expiration for the purpose of deceiving the public into believing that such products are covered by the '753 Patent.

41.      Upon information and belief, notwithstanding its expiration, Etymotic has used, and continues to use, the '753 Patent in its advertising, including its website, www.etymotic.com, for the purpose of deceiving the public into believing that such products are covered by the '753 Patent.

42.      By marking and continuing to mark articles with the '753 Patent since October 4, 2005 without a reasonable belief that such articles could have been covered by the '753 Patent, and by using the '753 Patent in advertising in connection with such articles, Etymotic has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

**5.      Etymotic's False Marking of Patent 4,852,683**

43.      Notwithstanding the fact that the '683 Patent expired on January 27, 2008, Etymotic has marked or has caused to be marked, and currently marks or causes to be marked –either directly or in the printed materials included

therewith– several different products with the '683 Patent that it has sold and continues to sell to the general consuming public throughout the United States, including in this judicial district.

44.     Since January 27, 2008, Etymotic has marked or caused to be marked, and continues to mark or causes to be marked, the '683 Patent on at least the following products directly or on the instructional and/or promotional materials thereof:

        a.    ER•20 High Fidelity Earplugs

        b.    ER•9 Musicians Earplugs

        c.    ER•15 Musicians Earplugs

        d.    ER•25 Musicians Earplugs

45.     Upon information and belief, since January 27, 2008, Etymotic has manufactured and sold, or has caused to be manufactured and sold, articles marked with the '683 Patent –either directly or in the printed materials included therewith– throughout the United States, including within this judicial district.

46.     None of Etymotic's products marked with the '683 Patent since January 27, 2008, have been covered by the '683 Patent.

47.     Since January 27, 2008, Etymotic could not have had any reasonable belief that the products it marked and continues to mark with the '683 Patent were covered by the '683 Patent.

48.     Upon information and belief, Etymotic knew or reasonably should have known that the products it marked and continues to mark with the '683 Patent since January 27, 2008 were marked with an expired patent.

49.     Despite the expiration of the '683 Patent, Etymotic has continued and continues to mark the products listed in paragraph 44 above with the '683 Patent.

50.     Upon information and belief, Etymotic has marked, and continues to mark, its products with the '683 Patent after its date of expiration for the purpose of deceiving the public into believing that such products are covered by the '683 Patent.

51.     Upon information and belief, notwithstanding its expiration, Etymotic has used, and continues to use, the '683 Patent in its advertising, including its website, www.etymotic.com, for the purpose of deceiving the public into believing that such products are covered by the '683 Patent.

52.     By marking and continuing to mark articles with the '683 Patent since January 27, 2008 without a reasonable belief that such articles could have been covered by the '683 Patent, and by using the '683 Patent in advertising in connection with such articles, Etymotic has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

**COUNT I**
**THE '679 PATENT**

**FALSE MARKING OF**
**ER•4 EARPHONES**

53.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

54.     Etymotic manufactures a product identified as the ER•4 Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

55.     Since July 5, 2004, Etymotic has marked and continues to mark each unit of the ER•4 Earphones and/or its accompanying instruction booklet with the '679 Patent.

56.     Since July 5, 2004, Etymotic has marked and continues to mark its website's page for the ER•4 Earphones, http://www.etymotic.com/ephp/er4.aspx, with the '679 Patent.

57.     Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of the ER•4 Earphones manufactured and sold since that date has been covered by the '679 Patent.

58.     Etymotic knows or reasonably should know that each unit of the ER•4 Earphones it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

59.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•4 Earphones are covered by the '679 Patent since July 5, 2004 was and is false.

60.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•4 Earphones and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

## COUNT II
## THE '679 PATENT

## FALSE MARKING OF
## ER•6 EARPHONES

61.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

62.     Etymotic manufactures a product identified as the ER•6 Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

63.     Since July 5, 2004, Etymotic has marked and continues to mark each unit of the ER•6 Earphones and/or its accompanying instruction booklet with the '679 Patent.

64.     Since July 5, 2004, Etymotic has marked and continues to mark its website's page for the ER•6 Earphones, http://www.etymotic.com/ephp/er6.aspx, with the '679 Patent.

65.     Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of the ER•6 Earphones manufactured and sold since that date has been covered by the '679 Patent.

66.     Etymotic knows or reasonably should know that each unit of the ER•6 Earphones it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

67.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•6 Earphones are covered by the '679 Patent since July 5, 2004 was and is false.

68.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•6 Earphones and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

**COUNT III**
**THE '679 PATENT**

**FALSE MARKING OF**
**ER•6i EARPHONES**

69.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

70.     Etymotic manufactures a product identified as the ER•6i Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

71.     Since July 5, 2004, Etymotic has marked and continues to mark each unit of the ER•6i Earphones and/or its accompanying instruction booklet with the '679 Patent.

72.     Since July 5, 2004, Etymotic has marked and continues to mark its website's page for the ER•6i Earphones, http://www.etymotic.com/ephp/er6i.aspx, with the '679 Patent.

73.     Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of the ER•6i Earphones manufactured and sold since that date has been covered by the '679 Patent.

74.     Etymotic knows or reasonably should know that each unit of the ER•6i Earphones it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

75.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•6i Earphones are covered by the '679 Patent since July 5, 2004 was and is false.

76.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•6i Earphones and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

**COUNT IV**
**THE '679 PATENT**

**FALSE MARKING OF**
**HF2 HEADSET + EARPHONES**

77.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

78.    Etymotic manufactures a product identified as the hf2 Headset + Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

79.    Since July 5, 2004, Etymotic has marked and continues to mark each unit of the hf2 Headset + Earphones and/or its accompanying instruction booklet with the '679 Patent.

80.    Since July 5, 2004, Etymotic has marked and continues to mark its website's page for the hf2 Headset + Earphones, http://www.etymotic.com/ephp/hf2.aspx, with the '679 Patent.

81.    Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of the hf2 Headset + Earphones manufactured and sold since that date has been covered by the '679 Patent.

82.    Etymotic knows or reasonably should know that each unit of the hf2 Headset + Earphones it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

83.    Etymotic knows or reasonably should know that each claim in advertisement that the hf2 Headset + Earphones are covered by the '679 Patent since July 5, 2004 was and is false.

84.    Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the hf2 Headset + Earphones and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

**COUNT V**
**THE '679 PATENT**

**FALSE MARKING OF**
**HF5 EARPHONES**

85.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

86.    Etymotic manufactures a product identified as the hf5 Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

87.    Since July 5, 2004, Etymotic has marked and continues to mark each unit of the hf5 Earphones and/or its accompanying instruction booklet with the '679 Patent.

88.     Since July 5, 2004, Etymotic has marked and continues to mark its website's page for the hf5 Earphones, http://www.etymotic.com/ephp/hf5.aspx, with the '679 Patent.

89.     Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of the hf5 Earphones manufactured and sold since that date has been covered by the '679 Patent.

90.     Etymotic knows or reasonably should know that each unit of the hf5 Earphones it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

91.     Etymotic knows or reasonably should know that each claim in advertisement that the hf5 Earphones are covered by the '679 Patent since July 5, 2004 was and is false.

92.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the hf5 Earphones and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

**COUNT VI**
**THE '679 PATENT**

**FALSE MARKING OF**
**ETY•COM HANDSFREE MOBILE PHONE HEADSET**

93.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

94.     Etymotic manufactures a product identified as the ETY•COM Handsfree Mobile Phone Headset, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

95.     Since July 5, 2004, Etymotic has marked and continues to mark each unit of the ETY•COM Handsfree Mobile Phone Headset and/or its accompanying instruction booklet with the '679 Patent.

96.     Since July 5, 2004, Etymotic has marked and continues to mark its website's page for the ETY•COM Handsfree Mobile Phone Headset, http://www.etymotic.com/ephp/er22.aspx, with the '679 Patent.

97.     Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of the ETY•COM Handsfree Mobile Phone Headset manufactured and sold since that date has been covered by the '679 Patent.

98.     Etymotic knows or reasonably should know that each unit of the ETY•COM Handsfree Mobile Phone Headset it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

99.     Etymotic knows or reasonably should know that each claim in advertisement that the ETY•COM Handsfree Mobile Phone Headset is covered by the '679 Patent since July 5, 2004 was and is false.

100.    Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ETY•COM Handsfree Mobile Phone Headset and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

**COUNT VII**
**THE '679 PATENT**

**FALSE MARKING OF**
**<u>COMPANION MICS</u>**

101.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

102.    Etymotic manufactures a product identified as Companion Mics, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

103.    Since July 5, 2004, Etymotic has marked and continues to mark each unit of Companion Mics and/or its accompanying instruction booklet with the '679 Patent.

104.    Since July 5, 2004, Etymotic has marked and continues to mark its website's page for Companion Mics, http://www.etymotic.com/ephp/compmic.aspx, with the '679 Patent.

105.    Because the '679 Patent expired on July 5, 2004, none of Etymotic's units of Companion Mics manufactured and sold since that date has been covered by the '679 Patent.

106.    Etymotic knows or reasonably should know that each unit of Companion Mics it has manufactured and sold since July 5, 2004 was not covered by the '679 Patent.

107.    Etymotic knows or reasonably should know that each claim in advertisement that Companion Mics are covered by the '679 Patent since July 5, 2004 was and is false.

108.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of Companion Mics and/or its accompanying instruction booklet with the '679 Patent since July 5, 2004 for the purpose of deceiving the public.

## COUNT VIII
## THE '753 PATENT

### FALSE MARKING OF
### ER•4 EARPHONES

109.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

110.     Etymotic manufactures a product identified as the ER•4 Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

111.     Since October 4, 2005, Etymotic has marked and continues to mark each unit of the ER•4 Earphones and/or its accompanying instruction booklet with the '753 Patent.

112.     Since October 4, 2005, Etymotic has marked and continues to mark its website's page for the ER•4 Earphones, http://www.etymotic.com/ephp/er4.aspx, with the '753 Patent.

113.     Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of the ER•4 Earphones manufactured and sold since that date has been covered by the '753 Patent.

114.     Etymotic knows or reasonably should know that each unit of the ER•4 Earphones it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

115.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•4 Earphones are covered by the '753 Patent since October 4, 2005 was and is false.

116.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•4 Earphones and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT IX**
**THE '753 PATENT**

**FALSE MARKING OF**
**ER•6 EARPHONES**

117.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

118.     Etymotic manufactures a product identified as the ER•6 Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

119.     Since October 4, 2005, Etymotic has marked and continues to mark each unit of the ER•6 Earphones and/or its accompanying instruction booklet with the '753 Patent.

120.     Since October 4, 2005, Etymotic has marked and continues to mark its website's page for the ER•6 Earphones, http://www.etymotic.com/ephp/er6.aspx, with the '753 Patent.

121.     Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of the ER•6 Earphones manufactured and sold since that date has been covered by the '753 Patent.

122.     Etymotic knows or reasonably should know that each unit of the ER•6 Earphones it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

123.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•6 Earphones are covered by the '753 Patent since October 4, 2005 was and is false.

124.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•6 Earphones and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT X**
**THE '753 PATENT**

**FALSE MARKING OF**
**ER•6i EARPHONES**

125.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

126.     Etymotic manufactures a product identified as the ER•6i Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

127.     Since October 4, 2005, Etymotic has marked and continues to mark each unit of the ER•6i Earphones and/or its accompanying instruction booklet with the '753 Patent.

128.     Since October 4, 2005, Etymotic has marked and continues to mark its website's page for the ER•6 Earphones, http://www.etymotic.com/ephp/er6i.aspx, with the '753 Patent.

129.     Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of the ER•6i Earphones manufactured and sold since that date has been covered by the '753 Patent.

130.     Etymotic knows or reasonably should know that each unit of the ER•6i Earphones it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

131.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•6i Earphones are covered by the '753 Patent since October 4, 2005 was and is false.

132.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•6i Earphones and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT XI**
**THE '753 PATENT**

**FALSE MARKING OF**
**HF2 HEADSET + EARPHONES**

133.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

134.     Etymotic manufactures a product identified as the hf2 Headset + Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

135.     Since October 4, 2005, Etymotic has marked and continues to mark each unit of the hf2 Headset + Earphones and/or its accompanying instruction booklet with the '753 Patent.

136.    Since October 4, 2005, Etymotic has marked and continues to mark its website's page for the hf2 Headset + Earphones, http://www.etymotic.com/ephp/hf2.aspx, with the '753 Patent.

137.    Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of the hf2 Headset + Earphones manufactured and sold since that date has been covered by the '753 Patent.

138.    Etymotic knows or reasonably should know that each unit of the hf2 Headset + Earphones it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

139.    Etymotic knows or reasonably should know that each claim in advertisement that the hf2 Headset + Earphones are covered by the '753 Patent since October 4, 2005 was and is false.

140.    Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the hf2 Headset + Earphones and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT XII**
**THE '753 PATENT**

**FALSE MARKING OF**
**HF5 EARPHONES**

141.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

142.    Etymotic manufactures a product identified as the hf5 Earphones, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

143.    Since October 4, 2005, Etymotic has marked and continues to mark each unit of the hf5 Earphones and/or its accompanying instruction booklet with the '753 Patent.

144.    Since October 4, 2005, Etymotic has marked and continues to mark its website's page for the hf5 Earphones, http://www.etymotic.com/ephp/hf5.aspx, with the '753 Patent.

145.    Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of the hf5 Earphones manufactured and sold since that date has been covered by the '753 Patent.

146.     Etymotic knows or reasonably should know that each unit of the hf5 Earphones it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

147.     Etymotic knows or reasonably should know that each claim in advertisement that the hf5 Earphones are covered by the '753 Patent since October 4, 2005 was and is false.

148.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the hf5 Earphones and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT XIII**
**THE '753 PATENT**

**FALSE MARKING OF**
**ETY•COM HANDSFREE MOBILE PHONE HEADSET**

149.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

150.     Etymotic manufactures a product identified as the ETY•COM Handsfree Mobile Phone Headset, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

151.     Since October 4, 2005, Etymotic has marked and continues to mark each unit of the ETY•COM Handsfree Mobile Phone Headset and/or its accompanying instruction booklet with the '753 Patent.

152.     Since October 4, 2005, Etymotic has marked and continues to mark its website's page for the ETY•COM Handsfree Mobile Phone Headset, http://www.etymotic.com/ephp/er22.aspx, with the '753 Patent.

153.     Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of the ETY•COM Handsfree Mobile Phone Headset manufactured and sold since that date has been covered by the '753 Patent.

154.     Etymotic knows or reasonably should know that each unit of the ETY•COM Handsfree Mobile Phone Headset it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

155.     Etymotic knows or reasonably should know that each claim in advertisement that the ETY•COM Handsfree Mobile Phone Headset is covered by the '753 Patent since October 4, 2005 was and is false.

156.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ETY•COM Handsfree Mobile Phone Headset and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT XIV**
**THE '753 PATENT**

**FALSE MARKING OF**
**<u>COMPANION MICS</u>**

157.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

158.     Etymotic manufactures a product identified as Companion Mics, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

159.     Since October 4, 2005, Etymotic has marked and continues to mark each unit of Companion Mics and/or its accompanying instruction booklet with the '753 Patent.

160.     Since October 4, 2005, Etymotic has marked and continues to mark its website's page for Companion Mics, http://www.etymotic.com/ephp/compmic.aspx, with the '753 Patent.

161.     Because the '753 Patent expired on October 4, 2005, none of Etymotic's units of Companion Mics manufactured and sold since that date has been covered by the '753 Patent.

162.     Etymotic knows or reasonably should know that each unit of Companion Mics it has manufactured and sold since October 4, 2005 was not covered by the '753 Patent.

163.     Etymotic knows or reasonably should know that each claim in advertisement that Companion Mics are covered by the '753 Patent since October 4, 2005 was and is false.

164.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of Companion Mics and/or its accompanying instruction booklet with the '753 Patent since October 4, 2005 for the purpose of deceiving the public.

**COUNT XV**
**THE '683 PATENT**

**FALSE MARKING OF**
**ER•20 HIGH FIDELITY EARPLUGS**

165.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

166.     Etymotic manufactures a product identified as the ER•20 High Fidelity Earplugs, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

167.     Since January 27, 2008, Etymotic has marked and continues to mark each unit of the ER•20 High Fidelity Earplugs and/or its accompanying instruction booklet with the '683 Patent.

168.     Since January 27, 2008, Etymotic has marked and continues to mark its website's page for the ER•20 High Fidelity Earplugs, http://www.etymotic.com/ephp/er20.aspx, with the '683 Patent.

169.     Because the '683 Patent expired on January 27, 2008, none of Etymotic's units of the ER•20 High Fidelity Earplugs manufactured and sold since that date has been covered by the '683 Patent.

170.     Etymotic knows or reasonably should know that each unit of the ER•20 High Fidelity Earplugs it has manufactured and sold since January 27, 2008 was not covered by the '753 Patent.

171.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•20 High Fidelity Earplugs are covered by the '683 Patent since January 27, 2008 was and is false.

172.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•20 High Fidelity Earplugs and/or its accompanying instruction booklet with the '683 Patent since January 27, 2008 for the purpose of deceiving the public.

**COUNT XVI**
**THE '683 PATENT**

**FALSE MARKING OF**
**ER•9 MUSICIANS EARPLUGS**

173.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

174.    Etymotic manufactures a product identified as the ER•9 Musicians Earplugs, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

175.    Since January 27, 2008, Etymotic has marked and continues to mark each unit of the ER•9 Musicians Earplugs and/or its accompanying instruction booklet with the '683 Patent.

176.    Since January 27, 2008, Etymotic has marked and continues to mark its website's page for the ER•9 Musicians Earplugs, http://www.etymotic.com/ephp/erme.aspx, with the '683 Patent.

177.    Because the '683 Patent expired on January 27, 2008, none of Etymotic's units of the ER•9 Musicians Earplugs manufactured and sold since that date has been covered by the '683 Patent.

178.    Etymotic knows or reasonably should know that each unit of the ER•9 Musicians Earplugs it has manufactured and sold since January 27, 2008 was not covered by the '753 Patent.

179.    Etymotic knows or reasonably should know that each claim in advertisement that the ER•9 Musicians Earplugs are covered by the '683 Patent since January 27, 2008 was and is false.

180.    Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•9 Musicians Earplugs and/or its accompanying instruction booklet with the '683 Patent since January 27, 2008 for the purpose of deceiving the public.

**COUNT XVII**
**THE '683 PATENT**

**FALSE MARKING OF**
**ER•15 MUSICIANS EARPLUGS**

181.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

182.    Etymotic manufactures a product identified as the ER•15 Musicians Earplugs, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

183.    Since January 27, 2008, Etymotic has marked and continues to mark each unit of the ER•15 Musicians Earplugs and/or its accompanying instruction booklet with the '683 Patent.

184.     Since January 27, 2008, Etymotic has marked and continues to mark its website's page for the ER•15 Musicians Earplugs, http://www.etymotic.com/ephp/erme.aspx, with the '683 Patent.

185.     Because the '683 Patent expired on January 27, 2008, none of Etymotic's units of the ER•15 Musicians Earplugs manufactured and sold since that date has been covered by the '683 Patent.

186.     Etymotic knows or reasonably should know that each unit of the ER•15 Musicians Earplugs it has manufactured and sold since January 27, 2008 was not covered by the '753 Patent.

187.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•15 Musicians Earplugs are covered by the '683 Patent since January 27, 2008 was and is false.

188.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•15 Musicians Earplugs and/or its accompanying instruction booklet with the '683 Patent since January 27, 2008 for the purpose of deceiving the public.

**COUNT XVIII**
**THE '683 PATENT**

**FALSE MARKING OF**
**ER•25 MUSICIANS EARPLUGS**

189.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

190.     Etymotic manufactures a product identified as the ER•25 Musicians Earplugs, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

191.     Since January 27, 2008, Etymotic has marked and continues to mark each unit of the ER•25 Musicians Earplugs and/or its accompanying instruction booklet with the '683 Patent.

192.     Since January 27, 2008, Etymotic has marked and continues to mark its website's page for the ER•25 Musicians Earplugs, http://www.etymotic.com/ephp/erme.aspx, with the '683 Patent.

193.     Because the '683 Patent expired on January 27, 2008, none of Etymotic's units of the ER•25 Musicians Earplugs manufactured and sold since that date has been covered by the '683 Patent.

194.     Etymotic knows or reasonably should know that each unit of the ER•25 Musicians Earplugs it has manufactured and sold since January 27, 2008 was not covered by the '753 Patent.

195.     Etymotic knows or reasonably should know that each claim in advertisement that the ER•25 Musicians Earplugs are covered by the '683 Patent since January 27, 2008 was and is false.

196.     Etymotic has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the ER•25 Musicians Earplugs and/or its accompanying instruction booklet with the '683 Patent since January 27, 2008 for the purpose of deceiving the public.

## PENALTY

197.     Each marking by Etymotic of the '679 Patent, the '753 Patent, and the '683 Patent on each article of the products identified herein and/or its accompanying instruction booklet, constitutes an individual false marking offense that has injured and continues to injure the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred and continues to discourage or deter honest competition and innovation in competing products.

198.     Each use in advertising by Etymotic of the '679 Patent, the '753 Patent, and the '683 Patent in connection with each of the products identified herein, including each separate viewing of its website's pages for these products, constitutes a false marking offense that has injured and continues to injure the sovereign interest of the United States of America as well as the public interest, and has discouraged or deterred and continues to discourage or deter honest competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Relator Hollander respectfully requests that this Court:

a.     Find that Etymotic's manufacture, advertising, and sale of products with false patent markings or false patent assertions violate 35 U.S.C. § 292(a);

b.     Enter judgment against Etymotic and in favor of Hollander;

c.     Determine an appropriate fine, of not more than $500 per offense but sufficient to penalize Etymotic's violations of § 292(a) and to deter Etymotic and others similarly situated from violating § 292(a) in the

future, for each offense of false marking, one-half of which shall be for the use of the United States of America and the other half of which shall go to Hollander;

d.   Award Hollander the costs incurred in this litigation;

e.   Determine that the present case is exceptional under 35 U.S.C. § 285 and, based on such determination, award Hollander reasonable attorney fees; and

f.   Grant Hollander such other and further relief as this Honorable Court shall deem just and equitable.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b)(1), Hollander hereby demands a jury trial on all issues so triable.

Dated: February 5, 2010                         Respectfully submitted,

BY:   _____
      Jacob C. Cohn
      Ilan Rosenberg
      COZEN O'CONNOR
      1900 Market Street
      Philadelphia, PA 19103
      (215) 665-2783

      *Attorneys for Plaintiff/Relator*
      *Bentley A. Hollander*