# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENTLEY A. HOLLANDER,** | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 10-526 |
| **ETYMOTIC RESEARCH, INC.,** | : |
| **Defendant.** | : |

## MEMORANDUM OPINION

**Tucker, J.**                                                                                        **July \_\_\_\_, 2010**

Presently before the Court are Defendant Etymotic Research, Inc.'s Motion to Dismiss or Transfer (Doc. 13); Plaintiff Bentley Hollander's Response in Opposition thereto (Doc. 14); Defendant's Motion to File a Reply (Doc. 15); and Plaintiff's Response in Opposition thereto (Doc. 16). For the reasons set forth below, this Court will grant in part and deny in part Defendant's Motion to Dismiss or Transfer, and deny Defendant's Motion to File a Reply.

## BACKGROUND

Plaintiff Bentley Hollander ("Plaintiff") has brought this *qui tam* action against Defendant Etymotic Research, Inc. ("Defendant") for its alleged violation of the false marking statute, 35 U.S.C. § 292, in connection with its marking of certain earphones and earplugs with expired patent numbers. Specifically, Plaintiff claims that Defendant has violated 35 U.S.C. § 292(a) by, *inter alia*, falsely marking articles with expired patents and using those expired patents in its advertising of the articles for the purpose of deceiving the public into believing that the articles are covered by the expired patents. (Compl. ¶ 2.)

Defendant Etymotic is a research, development, and manufacturing company that designs and manufactures in-ear products, such as earphones, hearing aids, and earplugs. (See Compl. ¶¶ 9-15.) Defendant's scientists, engineers, and audiologists have collaborated to generate over 100 patents. (See Compl. ¶ 16.) Plaintiff claims that, since 1984 and continuing to the present, Defendant has marked, or caused to be marked, products with one or more of the '679 Patent, the '753 Patent, and the '683 Patent.[1] (Compl. ¶¶ 16-17.) According to Plaintiff, the '679 Patent expired on July 5, 2004; the '753 Patent expired on October 4, 2005; and the '683 Patent expired on January 27, 2008. (Compl. ¶¶ 20-22.) Defendant's alleged marking and sale of several products with those expired patents has given rise to the instant suit.

**STANDARD OF REVIEW**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept

---

[1] The three patents at issue are as follows: (1) U.S. Pat. No. 4,677,679, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on July 5, 1984; issued on June 30, 1987) ("the '679 Patent"); (2) U.S. Pat. No. 4,763,753, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on October 4, 1985; issued on August 16, 1988) ("the '753 Patent"); and (3) U.S. Pat. No. 4,852,683, entitled "EARPLUG WITH IMPROVED AUDIBILITY" (filed on January 27, 1988; issued on August 1, 1989) ("the '683 Patent").

well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). On the contrary, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), dismissal is warranted where a court lacks subject matter jurisdiction over a case. Rule 12(b)(1) motions are either facial or factual challenges. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. Id. (citing United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). By contrast, when a defendant attacks subject matter jurisdiction "in fact," the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case." Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In reviewing a factual attack, the court is not confined to the allegations of the complaint. Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). No presumption of truthfulness attaches to the plaintiff's allegations, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Carpet Group Int'l, 227 F.3d at 69 (citation

omitted). The plaintiff bears the burden of persuasion regardless of whether the challenge is facial or factual. Henderson v. Nationwide Mut. Ins. Co., 169 F. Supp. 2d 365, 367-368 (E.D. Pa. 2001).

## DISCUSSION

Defendant has raised four arguments in support of dismissing this action or, in the alternative, transferring venue to the Northern District of Illinois. The Court will address each of those arguments in turn.

### I. Marking After Patent Expiration

First, Defendant concedes that it has been marking and advertising expired patents, but argues that such activities do not constitute false marking. Specifically, Defendant contends that an article that is encompassed by a claim of a patent that has expired is not an "unpatented article" under the false marking statute, and therefore, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The false marking statute permits any person to sue a party who marks the word "patent" on an "unpatented article." 35 U.S.C. § 292. There is a dearth of case law in the Third Circuit addressing whether the continued use of a mark on a product after the expiration of a patent constitutes false marking. However, Defendant's argument that Section 292 does not reach the marking of articles with expired patents is not persuasive in light of Supreme Court and Federal Circuit precedent. See generally 7 Donald S. Chisum, Chisum on Patents § 20.03 (2010) ("[A] strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired patent.")

4

The Supreme Court has held that "[f]or purposes of federal law...an item for which a patent has expired or been denied...is unpatented and unpatentable." Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 159 (1989). Also, in a recent case, the Federal Circuit acknowledged that articles marked with expired patent numbers are falsely marked. Pequignot v. Solo Cup Co., No. 2009-1547, 2010 U.S. App. LEXIS 11820, at *15 (Fed. Cir. June 10, 2010). Specifically, the Federal Circuit held that an article covered by an expired patent is "unpatented" and "[a]n article that was once protected by a now-expired patent is no different [from] an article that has never received protection from a patent." 2010 U.S. App. LEXIS 11820, at *12; see also Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (noting that the false marking statute's reference to "unpatented article" means that "the article in question is not covered by at least one claim of each patent with which the article is marked").

Here, since the subject products are covered by expired patents, they are "unpatented." Therefore, the Court will not dismiss this action on the basis of Defendant's argument that marking an article after the expiration of a patent does not violate 35 U.S.C. § 292.

## II. Standing

Defendant also argues that Plaintiff lacks standing to pursue his claims. To satisfy the constitutional standing requirements of Article III, a plaintiff must show that: (1) he suffered an "injury in fact;" (2) the injury is traceable to the defendant's action; and (3) the injury is likely to be redressed by the court. See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 180-181 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The plain language of 35 U.S.C. § 292(b) clearly provides that "[a]ny person" is permitted to sue for false

marking.

Moreover, courts have recognized that actions for falsely marking articles with expired patents state legally cognizable claims on behalf of the United States. See, e.g., Woods v. Empire Health Choice, Inc., 574 F.3d 92, 97 (2d Cir. 2009) ("Qui tam plaintiffs, even if not personally injured by a defendant's conduct, possess constitutional standing to assert claims on behalf of the Government as its effective assignees.") (citing Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 773-74 (2000)); Forest Group, Inc. v. Bon Tool Co., 590 3d 1295, 1302-03 (Fed. Cir. 2009); Simonian v. Cisco Sys., No. 10 C 1306, 2010 U.S. Dist. LEXIS 60752, at *5 (N.D. Ill. June 17, 2010) ("In the case of qui tam statutes, an injury to the United States is sufficient to confer standing upon a relator.") (citing Vt. Agency, 529 U.S. at 773-74); Juniper Networks v. Shipley, No. C 09-0696 SBA, 2010 U.S. Dist. LEXIS 24889, at *16 (N.D. Cal. Mar. 16, 2010) ("[I]n qui tam actions, the injury need not be suffered by the relator; injury in fact to the United States is sufficient.").

Indeed, "Congress intended the public to rely on marking as 'a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.'" Clontech Labs., Inc., 406 F.3d at 1356 (citing Bonito Boats, 498 U.S. at 162). Federal patent law "recogniz[es] an 'important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain.'" Id. at 1356 (citing Lear, Inc. v. Adkins, 395 U.S. 653, 670 (1969)). False marking injures that interest because it "misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the

intellectual property embodied in an article." Id. at 1356-57; see also Forest Group, Inc., 590 F.3d at 1302 (explaining that false marking deters innovation and stifles competition in the marketplace).

Here, Plaintiff expressly brings this suit on behalf of the United States, claiming that Defendant "has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products." (Compl. ¶ 32.) That is exactly the type of injury that confers standing upon an individual to bring a *qui tam* action under the false marking statute. Therefore, dismissal is not warranted on standing grounds.

### III. Sufficiency of Pleadings

Defendant further contends that Plaintiff did not properly plead "intent to deceive," and that such a showing is subject to the heightened pleading requirements applicable to claims of "fraud or mistake" under Fed. R. Civ. P. 9(b). Under Fed. R. Civ. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard is heightened under Fed. R. Civ. P. 9(b), which requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The false marking statute requires that the marking be done with the "purpose of deceiving the public." 35 U.S.C. § 292. Under Rule 9(b), intent or other conditions of a person's mind may be alleged generally, however, "the pleadings must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" Simonian, 2010 U.S. Dist. LEXIS 60752, at *8 (citations omitted). Rule 9(b) permits allegations based on

7

"information and belief" when "essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." Id.; Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1330 (Fed. Cir. 2009). "[T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." Clontech Labs, Inc., 406 F.3d at 1352.

Since deceptive purpose is an element of the claim, some courts have found that Rule 9(b) applies to false marking claims. See, e.g., Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc., No: 8:10-cv-486-T-23TGW, 2010 U.S. Dist. LEXIS 65047, at *3 (M.D. Fla. June 30, 2010) (holding that plaintiff's allegation that defendant "knows, or reasonably should know, that marking the Cartridge Products with patents that do not cover the Cartridge Products, or patents that are invalid or expired, will deceive the public" fails to satisfy Rule 9(b)); Simonian, 2010 U.S. Dist. LEXIS 60752, at *6-12 ("Simonian cannot proceed with his claim absent any specific factual allegations indicating that Cisco had knowledge of the mismarking or an intent to deceive the public."); Inventorprise, Inc. v. Target Corp., No. 09-CV-00380, 2009 U.S. Dist. LEXIS 102852, at *23 n.16 (N.D.N.Y. Nov. 2, 2009); Juniper Networks, 2009 U.S. Dist. LEXIS 40978, at *4 ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C., No. CV-00-2430-VEH, 2006 U.S. Dist. LEXIS 95833, at *78 (N.D. Ala. Jan. 10, 2006) ("Both the language of Section 292 and the binding authority in this Circuit place on the defendants the burden to plead and produce facts demonstrating that the plaintiffs, in marking the solution with the '515 patent, had the specific intent to deceive the public into believing something

that the plaintiffs knew to be false.")

However, other courts have been reluctant to expand the scope of Rule 9(b) to claims that do not sound in fraud or mistake. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts."); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) ("Rule 9(b)...impose[s] a particularity requirement in two specific instances...'in all averments of fraud or mistake...'"); Astec Am., Inc. v. Power-One, Inc., No. 6:07-cv-464, 2008 U.S. Dist. LEXIS 30365, at *33 (E.D. Tex. Apr. 11, 2008) ("[C]ourts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud and mistake."); Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) ("There is no case law that has required the Rule 9 level of pleading [for] claims for false marking."). Thus, the case law is still evolving, and there is no binding precedent on the issue of whether Rule 9(b) applies in the context of false marking claims.

Here, Plaintiff alleges "upon information and belief" that Defendant: (1) has marked and continues to mark Plaintiff's products with an expired patent; (2) and has used and continues to use the expired patent in its advertising; (3) for the purpose of deceiving the public into believing that its products are covered by the expired patents at issue. (Compl. ¶¶ 30-31, 40-41, 50-51.) Plaintiff also alleges that Defendant "knows or reasonably should know that all patents, including the '679 Patent, the '753 Patent, and the '683 Patent, have a limited duration." (Compl. ¶ 19.) In addition, Plaintiff alleges that Defendant "could not have had any reasonable belief" that the products were

9

covered by the subject patents. (Compl. ¶¶ 27, 37, 47.) Plaintiff further alleges "upon information and belief" that Defendant "knew or reasonably should have known" that the products were marked with expired patents. (Compl. ¶¶ 28, 38, 48.)

Similar allegations were raised in Brinkmeier v. Graco Children's Products, 684 F. Supp. 2d 548, 553 (D. Del. 2010). In Brinkmeier, the court ultimately declined to rule on whether Rule 9(b) applies to false marking cases because the amended complaint failed to meet even the liberal pleading standards of Rule 8(a). The plaintiff in Brinkmeier alleged in Count I that "because the scopes of these patents do not cover the marked products, Defendant 'cannot have any reasonable belief that such products are protected by such patents' and that Defendant 'knows, or should know' that the products have been falsely marked." 684 F. Supp. at 553. The plaintiff also alleged "'[u]pon information and belief, [Defendant] marked products...with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s].'" Id. The court concluded that "[those] allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by Twombley." Id.

However, the court concluded that with respect to one of the patent markings, the plaintiff had sufficiently pleaded intent to deceive under Rule 8(a) and Rule 9(b). Id. Specifically, the plaintiff alleged that Defendant had sued two competitors for infringing the '437 patent and had revised its patent markings at least three times since the '437 patent expired. Id. On that basis, the plaintiff alleged that Defendant's marking of its products with the expired '437 patent was intentional. Id. Those pleadings were sufficient to suggest that Defendant had an intent to deceive with respect to the '437 patent marking. Id.

10

Construing the facts in the light most favorable to Plaintiff, Plaintiff's allegations might pass muster under Rule 8(a), but not under Rule 9(b). Clearly, Plaintiff has sufficiently pleaded "the fact of misrepresentation." Indeed, it is undisputed that Defendant marked its products with expired patents. However, specific facts showing Defendant's knowledge of falsity or intent to deceive are critically absent from the pleadings. Defendant has conceded only that its patents expired, not that it *knew* that those patents were expired when it marked its products. Although Plaintiff has alleged that Defendant knew or reasonably should have known that the products were marked with expired patents, Plaintiff attempts to support those allegations by averring merely that: (1) Defendant knows that patents have limited duration; (2) the patents at issue expired; and (3) Defendant continued to mark its products with those patents after expiration. Those allegations do not sufficiently articulate knowledge of falsity or intent to deceive because Defendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that Defendant knew that the patents at issue actually expired. Moreover, Plaintiff's allegations based on information and belief are insufficient under Rule 9(b) where Plaintiff has failed to set forth specific facts upon which such belief is reasonably based. Therefore, Plaintiff's allegations do not meet Rule 9(b)'s heightened pleading standards.

The Court is persuaded by the law of other district courts holding that false marking claims are fraud-based claims subject to Rule 9(b)'s heightened pleading standards. Moreover, although the Federal Circuit has yet to determine whether Rule 9(b) applies to false marking claims, it has recently held that inequitable conduct claims, which also require a showing of intent to deceive, are subject to Rule 9(b). Exergen Corp., 575 F.3d at 1325-31. The two Supreme Court cases cited by Plaintiff, declining to extend Rule 9(b) in circumstances not constituting fraud or mistake, involve

civil rights cases alleging municipal liability under § 1983 and, therefore, are inapposite. See Leatherman, 507 U.S. at 168; Swierkiewicz, 534 U.S. at 513. Accordingly, dismissal is warranted on the ground that Plaintiff has not adequately alleged intent to deceive under Rule 9(b).[2]

## IV.     Transfer of Venue

Finally, Defendant argues that this case should be transferred to the Northern District of Illinois. A district court may transfer any civil action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, [or] in the interest of justice." 28 U.S.C. § 1404(a). The Third Circuit has identified a series of public and private considerations to be balanced in evaluating requests for transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses; and (6) the location of relevant books and records insofar as these could not be reproduced in the alternative forum. Id. The public interest factors include: (1) enforceability of judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the public policies of the fora; and (5) the judge's familiarity with the applicable state law. Id.

---

[2] Plaintiff cites Hollander v. Timex Group USA, Inc., No. 10-429, currently pending in the United States District Court for the Eastern District of Pennsylvania, for the proposition that arguments similar to those raised by Defendant have been considered and rejected in this District. In that case, the court granted in part and denied in part the defendant's motion to dismiss. The defendant raised the following four arguments in its motion to dismiss: (1) marking after expiration does not constitute false marking; (2) the pleadings are insufficient to show that the defendant had actual knowledge of the patent expiration or intent to deceive; (3) the plaintiff failed to plead his fraud-based allegations with particularity pursuant to Rule 9(b); and (4) claims seeking recovery for violations occurring prior to January 29, 2005 are time-barred. The court granted the motion as to all alleged violations occurring prior to January 29, 2005, and denied it in all other respects. There is no accompanying memorandum opinion, so the basis for the court's partial denial of the motion to dismiss is not apparent.

12

Here, the private and public interest factors either weigh in favor of Plaintiff or are neutral as between the two parties. The law is well-settled that "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted). Thus, a transfer of venue is not warranted here.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part Defendant's Motion to Dismiss or Transfer to the extent that Plaintiff's Complaint is dismissed for failure to state with particularity the circumstances constituting Defendant's alleged false marking. The Court denies Defendant's Motion to Dismiss in all other respects. The dismissal of this action is without prejudice and the Court grants Plaintiff leave to submit an amended complaint. In addition, the Court denies Defendant's Motion for Leave to Reply.

An appropriate order follows.