| | | |
|---|---|---|
| BENTLEY A. HOLLANDER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-526 |
| | : | |
| ETYMOTIC RESEARCH, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**Tucker, J.**                                                           **October \_\_\_\_, 2010**

Presently before the Court are Defendant Etymotic Research, Inc.'s Motion for

Reconsideration to Transfer Pursuant to 28 U.S.C. §1401 (a) (Doc. 31); Plaintiff/Relator Bentley

Hollander's Response in Opposition thereto (Doc. 32); Defendant Etymotic Research, Inc.'s Motion

to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)

and/or Federal Rule of Civil Procedure 12(b)(1) (Doc. 29); Plaintiff/Relator's Response in

Opposition thereto (Doc. 35); and Defendant's Motion for Leave to File a Reply (Doc. 36).

For the reasons set forth below, this Court will deny Defendant's Motion to Dismiss

Plaintiff/Relator's Amended Complaint and Defendant's Motion for Reconsideration. This Court

also denies Defendant's Motion for Leave to File a Reply.

## BACKGROUND

Plaintiff Bentley Hollander ("Plaintiff") commenced  this *qui tam* action against Defendant

Etymotic Research, Inc. ("Defendant") for its alleged violation of the false marking statute, 35

U.S.C. § 292, in connection with its marking of certain earphones and earplugs with expired patent

numbers.  Specifically, Plaintiff claims that Defendant has violated 35 U.S.C. § 292(a) by, *inter*

*alia*, falsely marking articles with expired patents and using those expired patents in its advertising

of the articles for the purpose of deceiving the public into believing that the articles are covered by

the expired patents.  (Compl. ¶ 2.)

Defendant Etymotic is a research, development, and manufacturing company that designs

and manufactures in-ear products, such as earphones, hearing aids, and earplugs.  (See Compl. ¶¶ 9-

15.)  Defendant's scientists, engineers, and audiologists have collaborated to generate over 100

patents.  (See Compl. ¶ 16.)  Plaintiff claims that, since 1984 and continuing to the present,

Defendant has marked, or caused to be marked, products with one or more of the '679 Patent, the

'753 Patent, and the '683 Patent.[1]  (Compl. ¶¶ 16-17.)  According to Plaintiff, the '679 Patent

expired on July 5, 2004; the '753 Patent expired on October 4, 2005; and the '683 Patent expired on

January 27, 2008.  (Compl. ¶¶ 20-22.)  Defendant's alleged marking and sale of several products

with those expired patents has given rise to the instant suit.

On April 19, 2009 Defendant Etymotic filed a Motion to Dismiss the instant action or in the

alternative to transfer this action to the District Court for the Northern District of Illinois pursuant

to 28 U.S.C. § 1404(a).  This Court entered an Order on July 14, 2010 granting in part and denying

in part said Motion.  Specifically,  Defendant's Motion to Dismiss or Transfer was granted to the

extent that Plaintiff's Complaint was dismissed for failure to state with particularity the

---

[1] The three patents at issue are as follows: (1) U.S. Pat. No. 4,677,679, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on July 5, 1984; issued on June 30, 1987) ("the '679 Patent"); (2) U.S. Pat. No. 4,763,753, entitled "INSERT EARPHONES FOR AUDIOMETRY" (filed on October 4, 1985; issued on August 16, 1988) ("the '753 Patent"); and (3) U.S. Pat. No. 4,852,683, entitled "EARPLUG WITH IMPROVED AUDIBILITY" (filed on January 27, 1988; issued on August 1, 1989) ("the '683 Patent").

circumstances constituting Defendant's alleged false marking.  The July 14, 2010 Order granted

Plaintiff leave to submit an amended complaint in accordance with Fed. R. Civ. P. 9(b).

## LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Federal Rule 12(b)(1)

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), dismissal is warranted where a

court lacks subject matter jurisdiction over a case.  Rule 12(b)(1) motions are either facial or factual

challenges.  CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008).  A facial attack concerns the

sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain

jurisdictional facts alleged by the plaintiff.  Id. (citing United States ex rel. Atkinson v. Pa.

Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)).  "In reviewing a facial attack, the court must

only consider the allegations of the complaint and documents referenced therein and attached

thereto, in the light most favorable to the plaintiff."  Gould Elecs., Inc. v. United States, 220 F.3d

169, 176 (3d Cir. 2000).  By contrast, when a defendant attacks subject matter jurisdiction "in fact,"

the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case."

Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (citing

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  In reviewing a

factual attack, the court is not confined to the allegations of the complaint.  Cestonaro v. United

States, 211 F.3d 749, 754 (3d Cir. 2000).  No presumption of truthfulness attaches to the plaintiff's

allegations, "and the existence of disputed material facts will not preclude the trial court from

evaluating for itself the merits of jurisdictional claims."  Carpet Group Int'l, 227 F.3d at 69 (citation

omitted).  The plaintiff bears the burden of persuasion regardless of whether the challenge is facial

or factual.  Henderson v. Nationwide Mut. Ins. Co., 169 F. Supp. 2d 365, 367-368 (E.D. Pa. 2001).

### B.  Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The United States Supreme Court has  recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face."  Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). "[O]nly a complaint that states a plausible claim for relief [will]

survive[] a motion to dismiss." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

## DISCUSSION

Defendant has raised three arguments in support of dismissing this action. First, Defendant argues that Plaintiff lacks Article III standing to maintain this action. Secondly, Defendant argues that Plaintiff has failed to state a claim for which relief can be granted. And third, Defendant argues that Plaintiff has failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Moreover, Defendant argues that in the alternative, this Court should reconsider its original decision denying Defendant's motion to transfer venue to the Northern District of Illinois. The Court will address each of those arguments in turn.

**A.** **<u>Standing</u>**

Defendant first argues that Plaintiff lacks standing to bring a suit under § 292(a) because he has failed to allege any cognizable injury to himself, the public, or the United States government. (Def.'s Mot. Dismiss 14-15.) This Court previously addressed Defendant's argument in its original Motion to Dismiss and denied said Motion finding that Plaintiff had the requisite standing to maintain this action. Accordingly, this Court denies Defendant's Motion to Dismiss on this ground for the second time.

**B**. **<u>Sufficiency of Pleadings Under Section 292</u>**

Section 292, prohibits a person from marking an "unpatented article" with the word "patent" or any words "importing that the same is patented, for the purpose of deceiving the public." 35 U.S.C. § 292(a). The statute provides for a fine of "$500 for every such offense." <u>Id</u>. The statute further provides that any person may sue for damages, and if damages are imposed under the

statute, said person is to receive one-half of the statutory penalty and the United States is to receive the other half. 35 U.S.C. § 292(b).

Defendant argues that the allegations in Plaintiff's Amended Complaint do not establish a violation of 35 U.S.C. § 292 because the markings were not literally false. In support of this argument, Defendant reasons that the products at issue were covered by at least one of the patents listed in its marking. (Def.'s Mot. Dismiss 2.) Specifically, Defendant avers that most of its products are marked using the following language: "[X products] are covered by one or more of the following U.S. patents: [#A, #B, #C, #D] and other patents pending," and that so long as one valid listed patent covers the product, the statement is literally true and thus not actionable under 35 U.S.C. § 292 (Def.'s Mot. Dismiss 1.) According to Defendant's logic, the actual language used in its product markings must be false in its entirety to establish an actual violation of the statute. (Def.'s Mot. Dismiss 6.) Absent such an allegation, Defendant argues that this Court should dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The Supreme Court has held that "[f]or purposes of federal law...an item for which a patent has expired or been denied...is unpatented and unpatentable." Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 159 (1989). Also, in a recent case, the Federal Circuit acknowledged that articles marked with expired patent numbers are falsely marked. Pequignot v. Solo Cup Co., No. 2009-1547, 2010 U.S. App. LEXIS 11820, at *15 (Fed. Cir. June 10, 2010). See also 7 Donald S. Chisum, Chisum on Patents § 20.03 (2010) ("[A] strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired

patent.").

The instant action involves an allegation of mismarking where Defendant has marked

various products with several patents, some of which were expired at the time of the marking.  A

similar issue was recently confronted in Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347

(Fed. Cir. 2005).  The Federal Circuit made clear that "[w]hen the statute refers to an 'unpatented

article' the statute means that the article in question is not covered by at least one claim of *each*

patent with which the article is marked." Id. at 1352. (emphasis added).  See also  Brinkmeier v.

Graco Children's Products Inc., 684 F. Supp. 2d 548, 551 (D. Del. 2010) ("[rejecting]  defendant's

contention that no actionable mismarking can occur if the product at issue is covered by at least one

claim of the patents listed.")  In Hollander v. EUSA Pharma (USA) Inc. No. 10-492, Aug. 26, 2010

Order (Doc. 21), Judge Davis had occasion to examine this issue and there he reasoned that although

Clontech grappled primarily with the question of whether the products at issue were in fact covered

by the patents with which they were marked, the opinion nevertheless provided some guidance on

what constitutes an "unpatented article."  Consequently, Judge Davis reasoned that "[u]nder

Clontech, it appears that a product marked with expired patents and valid patents would be an

'unpatented article' for purposes of § 292." Id. at 3.

This Court finds Defendant's argument unavailing.  That the product markings were

"literally true" does not negate the fact that they were false in other regards.  The very fact that

Defendant advances this argument raises questions as to Defendant's contention that it lacked

knowledge that many of the patents listed on the markings were expired.  This Court declines to

adopt Defendant's piecemeal approach towards determining the validity of its markings.  One valid

patent listed among several expired patents is not suffice to have this Court hold that the markings

were not false under the meaning of § 292.  See Id. at 4 (noting that the fact that a patent may be covered by on enforceable patent does not shied a Defendant from liability under § 292 with respect to other expired patents).  Defendant has not advanced a legitimate argument as to why the definition of an unpatented article laid out in Clontech should not control in the instant action.  Accordingly, this Court concludes that Plaintiff has sufficiently plead that Defendant's products are unpatented articles within the meaning of § 292.

**C.      Sufficiency of Pleadings Pursuant to Rule 9(b)**

Defendant further argues that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 9(b) because Plaintiff has failed to allege facts legally sufficient to support Defendant's knowledge of the alleged falsity or an intent to deceive the public.  Fed. R. Civ. P. 9(b) imposes a heightened standard for pleadings when the cause of action sounds in fraud.  Under the rule a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

The false marking statute requires that the marking be done with the "purpose of deceiving the public."  35 U.S.C. § 292.  Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b) n10 Rule 9(b) serves to give defendants "notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements." In re Suprema Specialties, Inc. Securities Litigation, 438 F.3d 256, 270 (3d Cir. 2006).

Rule 9(b) permits allegations based on "information and belief" when "essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." Id.; Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1330 (Fed. Cir. 2009). "[T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." Clontech Labs, Inc., 406 F.3d at 1352.

This Court dismissed Plaintiff's original Compliant finding that Plaintiff properly plead the fact of misrepresentation but had failed to properly plead an intent to deceive as required by Fed. R. Civ. P. 9(b). Plaintiff was granted leave to amend his Complaint so as to plead sufficient facts to provide a plausible basis from which to conclude Defendant's knowledge of falsity and to make a prima facie showing of Defendant's intent to deceive. Plaintiff's Amended Complaint alleges that Defendant received Ribbon Copies of each of the patents at issue, and that each Ribbon Copy gave Etyomic notice of the respective patent's duration. (Am. Compl. at ¶¶ 18-21.) Plaintiff further alleges that Etyomic not only reviewed the terms of those Ribbon Copies when they were issued, it also completed subsequent reviews of each patent during their life terms in order to comply with the payment of maintenance fees. (Id. at ¶¶ 22-26.) Plaintiff's Amended Complaint alleges that the payment of these maintenance fees were due 4, 8 and 12 years after each patent was originally issued. (Id. at ¶ 25.) Thus, Plaintiff argues that Defendant "knows, or at least should know, that one or more of the patents marked on the products" were expired. (Id. at ¶¶ 45, 50.)

Moreover, the Amended Complaint alleges that the products which were marketed after the patents at issue had expired were nevertheless marked with expired patents. Specifically, Plaintiff alleges that after the expiration of the '679 patent, Etymotic introduced new products marked with

the '679 patent. (Id. at ¶¶ 39-47) Defendant argues that this is at most an indication that expired

patents were not removed from product markings when new products were introduced. (Def.'s Mot.

Dismiss 6) Defendant's contention is faulty. Plaintiff's allegation is much more, it is a charge that

Defendant purposely marked new products with patents that were expired and had knowledge that it

was doing so as these products were marketed after the patents at issue had already expired.

Defendant argues that the listing of an expired patent in conjunction with "at least one non-

expired patent" does not support an inference of an intent to deceive. According to Defendant the

conditional language used in its markings defeats any allegation of purposeful intent to deceive the

public. Defendant's argument lacks merit. That Defendant chose to couch its markings in

conditional language does not negate the fact that some of the patents listed in the markings were

expired. Further, Defendant's use of conditional language could have the effect of deceiving

members of the public into believing that the products were covered by all the patents listed in the

markings. Accepting the factual allegations of the complaint as true, this Court finds that Plaintiff

has alleged sufficient facts supporting a reasonable inference that Defendant had knowledge that

certain patents had expired and decided to continue marking its products with the expired patents

with an intent to deceive the public. See Hollander v. EUSA Pharma (USA) Inc. No. 10-492, Aug.

26, 2010 Order (Doc. 21) (noting that since the combination of allegations of a false statement and

knowledge that the statement was false creates a rebuttable presumption of an intent to deceive at a

later stage such as summary judgement, such allegations are sufficient at the pleading stage as well).

Accordingly, this Court denies Defendant's Motion to Dismiss Plaintiff's Amended

Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**D.**     **Motion for Reconsideration**

Defendant asks this Court to reconsider its July 14, 2010 Order denying Defendant's original Motion to Transfer this case to the Northern District of Illinois.

The Third Circuit has held that a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Motions for reconsideration, however, should be granted sparingly "because courts have a strong interest in the finality of judgments."  Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) ("...reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.").

Here, Defendant fails to show any new evidence, change in controlling law, or manifest error of law or fact sufficient for the Court to reconsider its Order.  In support of its Motion, Defendant argues that recent decisions support the transfer of this action.  The recent decisions to which Defendant refers have all been decided by courts in California, Texas and Illinois.  These cases are at best persuasive authority which this Court is not obligated to follow.  That three district courts in other circuits have granted motions to transfer false patent marking actions to the forums in which target defendants are located in does not amount to a "change in controlling law"

warranting the grant of a motion for reconsideration. Max's Seafood Café, 176 F.3d at 677 (3d Cir. 1999)  Each of the opinions cited by Defendant are based upon particular factual situations which are distinct from the factual circumstances here.  Moreover, these decisions do not  rely upon the law of the Third Circuit, the controlling law.

Defendant's Motion simply expresses disagreement with this Court's previous ruling.  "[A] motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." Colon v. Colonial Intermediate Unit 20, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006) (citing Glendon Energy, 836 F. Supp. at 1122).  Accordingly, the Court denies Defendant's Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Defendant's Motion for Reconsideration.  In addition, the Court denies Defendant's Motion for Leave to Reply.

An appropriate order follows.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**